UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JASWINDER KAUR On Behalf of Herself and                    Case No.:
All Others Similarly Situated,

                Plaintiffs,

                                **COLLECTIVE AND CLASS**
                                **ACTION**
     -vs.-                        **COMPLAINT**
                                **WITH JURY DEMAND**

NATASHA ACCESSORIES LTD., GOKORAN
SINGH, and RAVIE SINGH,

                    Defendants.
------------------------------------------------------------X

Plaintiff JASWINDER KAUR ("Ms. Kaur") on behalf of herself and all others similarly

situated (collectively "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their

attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against

NATASHA ACCESSORIES LTD. ("Natasha Accessories"), GOKORAN SINGH ("Gokoran

Singh"), and RAVIE SINGH ("Ravie Singh") (together "Defendants") allege upon knowledge as

to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.    This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the FLSA's minimum

wage provisions, 29 U.S.C. § 206(a); (ii) the NYLL's minimum wage provisions, NYLL § 652(1);

(iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et

seq.; (iv) the NYLL's requirement that employers provide on each payday proper wage statements

to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the

requirement that employers furnish employees with a wage notice at the time of hiring and/or on

an annual basis containing specific categories of information, NYLL § 195(1); (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.    Ms. Kaur also brings this action pursuant to the New York State Human Rights Law, New York Exec. Law § 290 *et seq.* ("NYSHRL") and  the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, as amended, including The Local Civil Rights Restoration Act, effective October 3, 2005 as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL"), and other appropriate rules, regulations, statutes and ordinances.  Specifically, Plaintiff brings claims for discrimination and unlawful termination on the basis of disability and/or perceived disability. Plaintiff further brings this action for Defendants' failure to accommodate his disability. Plaintiff also brings claims for retaliation for engaging in protected activity.

3.    Plaintiffs worked for Defendants, a jewelry wholesaler, as manual workers.

4.    Throughout their tenure, Defendants failed to pay the Plaintiffs for all hours worked and failed to pay them overtime compensation when they worked over 40 hours per week.

5.    Throughout Plaintiffs tenure, Defendants failed to pay the Plaintiffs their final week's pay requiring Plaintiffs to work for zero pay during their final work week.

6.    Throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL.

7.    Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires.

8.    Defendants failed to furnish Plaintiffs with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information

9.    Defendants paid and treated all their laborers in a similar manner.

10.    Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

11.    Plaintiffs bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

12.    Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

13.    Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

14.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as at least one of the Defendants resides in this judicial district.

## ADMINISTRATIVE PROCEDURES

15.    Prior to filing this lawsuit, Ms. Kaur filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission against Natasha Accessories for their violations of the Americans with Disabilities Act ("ADA").

16.     Plaintiff has not received a notice of right to sue and reserves her right to amend the Complaint to add claims under the ADA once a notice of right to sue is received.

17.     Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

## PARTIES

18.     At all relevant times herein relevant, Plaintiff Kaur is a resident of the State of New York and resides in Queens County.

19.     At all times herein relevant, Plaintiff Kaur was an "employee" within the meaning of NYLL § 190(2), the NSYHRL and the NYCHRL and a "manual worker" within the meaning of NYLL § 190(4).

20.     At all times herein relevant, Plaintiff Kaur was an "employee" entitled to protection as defined by the FLSA, the NYLL, the NYSHRL and the NYCHRL.

21.     Upon information and belief, at all relevant times herein, Natasha Accessories was and is a domestic business corporation created under the laws of the state of New York.

22.     Upon information and belief, at all relevant times herein, Natasha Accessories has its principal place of business located at 7 West 36th Street, Second Floor, New York, NY 10018.

23.     At all relevant times herein, Natasha Accessories was an "employer" of the Plaintiffs within the meaning of the FLSA, the NYLL, the NYSHRL, and the NYCHRL.

24.     At all times herein relevant, Defendants had not less than twenty persons in their employ.

25.     Upon information and belief, for the calendar year 2020 Natasha Accessories' gross receipts were not less than $500,000.00.

26.     Upon information and belief, for the calendar year 2021 Natasha Accessories' gross receipts were not less than $500,000.00.

27.     Upon information and belief, for the calendar year 2022 Natasha Accessories' gross receipts were not less than $500,000.00.

28.     Upon information and belief, for the calendar year 2023 Natasha Accessories' gross receipts will not be less than $500,000.00.

29.     Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendant to the FLSA's minimum wage requirements as an enterprise.

30.     Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  These goods, include, but are not limited to jewelry.  This independently subjects Defendants to the minimum wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

31.     At all relevant times herein, Defendant Gokoran Singh was a resident of the State of New York and has an actual place of business located at 7 West 36th Street, Second Floor, New York, NY 10018.

32.     At all relevant times herein, Defendant Gokoran Singh was the president, and/or owner, and/or day-to-day overseer of Natasha Accessories.

33. At all times herein pertinent Defendant Gokoran Singh had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of his employment.

34. At all relevant times herein, Defendant Ravie Singh was a resident of the State of New York and has an actual place of business located at 7 West 36th Street, Second Floor, New York, NY 10018.

35. At all relevant times herein, Defendant Ravie Singh was the president, and/or owner, and/or day-to-day overseer of Natasha Accessories.

36. At all times herein pertinent Defendant Ravie Singh had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of his employment.

37. Defendants, and each of them, were employers of the Plaintiff within the meaning of the FLSA, the NYLL, the NYSHRL and the NYCHRL.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wages, overtime wages and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt laborers, or similarly situated employees, regardless of job title in the City of New York who give consent to file a claim to recover damages for minimum wages that are legally due to them ("FLSA Plaintiffs").

39.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; and (4) were not paid the applicable minimum wage/overtime wages.

40.     At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at the applicable minimum wage for all hours worked each workweek up to forty, yet Defendant purposefully chose not to do so.  Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wages, in violation of the FLSA.

41.     At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs overtime compensation for all hours worked each week over forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wages, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

42.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

43.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

predominate over any individual questions of law or fact;

7

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

44.    The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as laborers, or similarly situated employees regardless of job title, in the City of New York ("Rule 23 Plaintiffs").

## Numerosity

45.    During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

## Common Questions of Law and/or Fact

46.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether Defendants paid the Rule 23 Plaintiffs at the applicable minimum wage; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants furnished and furnish Rule 23 Plaintiffs with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the

Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

## **Typicality of Claims and/or Defenses**

47.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for, as non-managerial employees, and Defendants failed to pay Plaintiffs the statutory minimum wage. Plaintiffs and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid on a weekly basis, to be paid the applicable minimum wage, and to be furnished with accurate wage statements and wage notices.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

48.     Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay the applicable minimum wage, did not pay overtime compensation, did not pay Plaintiffs for all the hours they worked and paid Plaintiffs every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

49.     Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

50.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

51.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

52.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

53.     Defendants own and operate a jewelry wholesaler.  As such, Defendants import large quantities of jewelry from all over the world and then re-package it for resale around the United States.

54.     The corporate decisions regarding Plaintiff's employment including, but not limited to, firing, paying, and administering the terms, conditions and privileges of her employment were all made in New York City, New York.

55.     From six years prior to the commencement of this action Defendants employed laborers throughout New York City.

56.     Upon information and belief, laborers are not required to have any formal education.

57.     Ms. Kaur worked for Defendants from on or about May 20, 2023 until July 11, 2023.

58.     Ms. Kaur worked for the Defendants in their warehouse located at 30-30 60th Street, Woodside, New York 11377.

59.     Throughout her employment, Ms. Kaur worked for the Defendants as a laborer.  In that role, Ms. Kaur, like all laborers were responsible for unpacking large quantities of jewelry, repackaging them into small containers, and placing the repackaged jewelry into large boxes which were to be shipped throughout the United States.

60.     Upon information and belief, the jewelry received by Defendants originated outside of New York state.

61.     As employees of the Defendants, laborers, including Ms. Kaur, were primarily responsible for performing manual tasks and physical labor.

62.     Throughout the statutory time period, Plaintiffs and other laborers regularly performed manual tasks during the majority of their hours worked.

63.     Throughout the statutory period to the present, Defendants paid Plaintiff and other laborers by check every two weeks.

64.     As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

65.     Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendants deprived the Plaintiff and Class Members of use of those funds.  Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments. Furthermore, as a result of the Defendants depriving Plaintiffs and Class Members of these wages, Plaintiffs and Class Members were deprived of interest income which would have accrued in their various bank accounts.

66.     Thus, throughout the statutory period Defendants failed to timely pay Plaintiffs and other housekeepers their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

67.     Defendants both treated and paid Ms. Kaur and the Class Members in a similar manner.

68.     Throughout her employment, Defendants required Ms. Kaur to work five days per week, Monday through Friday, inclusive.  Throughout this time period, Ms. Kaur was required to work – and did in fact work – 9:00AM until 5:30PM.

69.     Throughout her employment with the Defendants, for every 8.5 hours worked by the Plaintiff, Defendants would only pay for 8.0 hours.

70.    In an effort to minimize their overtime costs and skirt wage and hour laws, throughout their employment, Defendants failed to pay Plaintiff for all hours they worked. Specifically, despite knowing that they were to pay employees for every hour worked, they automatically deducted 30 minutes from every 8.5 hour shift worked by the Plaintiff.

71.    From the beginning of her employment until one week prior to the employment relationship between them ending, Defendants paid Ms. Kaur $16.00 per work hour.

72.    Further, Defendants failed to compensate the Plaintiff for their final workweek.

73.    Throughout the statutory period, Defendants paid Ms. Kaur every two weeks without providing her with accurate wage statements that reflected the amount of hours that she worked.

74.    Throughout the statutory period, Defendants failed to furnish Plaintiffs with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information.

75.    Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

76.    Every hour that Plaintiffs worked was for Defendant's benefit.

77.    Defendants treated Rule 23 Plaintiffs in the manner described above.

78.    On or about July 11, 2023, Ms. Kaur fainted and loss consciousness while at work. Rather than immediately call an ambulance or a family member, Defendants waited over two hours before allowing a co-worker to call Ms. Kaur's husband.

79.    When Ms. Kaur's husband arrived, he emphatically asked if anyone had called an ambulance. In response, Defendants informed Ms. Kaur's husband that Plaintiff fainting at work was none of their business and that as her husband he should call the ambulance.

80.     After Ms. Kaur was taken away from work in an ambulance she submitted a doctor's note to Defendants requesting that she be excused from work on July 13 and July 14.

81.     Rather than go through an interactive process, Defendants terminated Ms. Kaur's employment.

82.     Less than a week after Ms. Kaur requested a reasonable accommodation, two days off from work, Defendants terminated Ms. Kaur.

83.     Ms. Kaur was terminated due to her disability and/or perceived disability.

84.     Ms. Kaur was terminated for requesting a reasonable accommodation.

85.     Defendants knew of discriminatory conduct and failed to take immediate and appropriate corrective action.

86.     Defendants treated members outside of Plaintiff's protective category more favorably by not subjecting them to the discriminatory conduct outlined above.

87.     Upon information and belief, Ms. Kaur was replaced by a non-disabled person.

88.     Upon information and belief, the Plaintiff was replaced someone outside of her protected class.

89.     Defendants have treated the Plaintiff unequally and less well than other employees because of her pregnancy in violation of the NYSHRL.

90.     Employees outside Plaintiff's protected class have and continue to be treated more favorably than Plaintiff.

91.     Plaintiff was unlawfully discriminated against, on the basis disability and/or perceived disability in violation of the NYCHRL.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
#### *Unpaid Minimum Wage under the FLSA*

92.    Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

93.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiffs and the FLSA Plaintiffs.

94.    Defendants have failed to pay the proper statutory minimum wage to which the Plaintiffs and the FLSA Plaintiffs have been entitled under the FLSA.

95.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Plaintiffs.

96.    Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

97.    As a result of Defendants' violations of the FLSA, the Plaintiffs and the FLSA Plaintiffs have been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Unpaid Minimum Wage under the NYLL

98.    Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

99.     At all times herein pertinent, Plaintiffs and Rule 23 Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

100.    Defendants are joint employers of the Plaintiffs and Rule 23 Plaintiffs within the meaning of the New York Labor Law.

101.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

102.    Defendants have failed to pay the Plaintiffs and Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

103.    Due to Defendants' violations of the New York Labor, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Nonpayment of Straight Time Wages

104.    Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

105.    Named Plaintiffs and the Rule 23 Class routinely worked over 40 hours in a given work week.

106.    Defendant has willfully failed to pay all straight tie wages due and owing to the Plaintiff and the Rule 23 Class.

107.    Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Failure to Timely Pay Wages*

108.    Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

109.    From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

110.    NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

111.    From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

112.    Defendants' violations of the NYLL have been willful and intentional.

113.    Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Failure to Furnish Wage Statements in Violation of the NYLL*

114.    Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

115.    NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

116.    As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

117.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

118.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Notices in Violation of the NYLL*

119.    Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

120.    Defendants have willfully failed to furnish the Plaintiffs and the Rule 23 Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names

18

used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

121.    Through their knowing or intentional failure to provide the Plaintiffs and Rule 23 Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### <u>*SEVENTH CLAIM FOR RELEF AGAINST DEFENDANTS*</u>
### <u>*Discrimination under the NYSHRL*</u>

122.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

123.    The New York State Human Rights Law Provides that it shall be an unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

124.    Defendants discriminated against Plaintiff on the basis of Plaintiff's disability and/or perceived disability in violation of NYSHRL.

125.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section NYSHRL, Plaintiff has suffered and continues to suffer substantial losses,

including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

126.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

127.    Defendants have acted with malice or reckless indifference to the Plaintiff.

### EIGHTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Failure to Accommodate under the NYSHRL

128.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

129.    Defendants were aware of Plaintiff's disability and need for reasonable accommodation.

130.    Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability by failing to reasonably accommodate her disability, which would have allowed the Plaintiff to perform the essential functions of his job, despite Defendants' knowledge of Plaintiff's disability, in violation of the NYSHRL.

131.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

132.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

133.    Defendants have acted with malice or reckless indifference to the Plaintiff.

## NINTH CLAIM FOR RELEF AGAINST DEFENDANTS
### Aiding and Abetting under the NYSHRL

134.    Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

135.    The New York State Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

136.    Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

## TENTH CLAIM FOR RELEF AGAINST DEFENDANTS
### Retaliation under the NYSHRL

137.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

138.    By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of disability.

139.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

140.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

141.    Defendants have acted with malice or reckless indifference to the Plaintiff.

### ELEVENTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Discrimination Under the NYCHRL

142.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

143.    The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

144.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiff based upon her disability and/or perceived disability.

145.    As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

146.    By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

### TWELFTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Failure to Accommodate under the NYSHRL

147.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

148.    Defendants were aware of Plaintiff's disability and need for reasonable accommodation.

149.    Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability by failing to reasonably accommodate her disability, which would have allowed the Plaintiff to perform the essential functions of his job, despite Defendants' knowledge of Plaintiff's disability, in violation of the NYCHRL.

150.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

151.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

152.    Defendants have acted with malice or reckless indifference to the Plaintiff.

### THIRTEENTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Aiding and Abetting Under NYCHRL

153.    Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

154.    The New York City Administrative Code Title 8 §8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

23

155.    Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### ***FOURTEENTH CLAIM FOR RELEF AGAINST DEFENDANTS***
### *Retaliation Under NYCHRL*

156.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

157.    The Administrative Code of the City of New York, states that it shall be unlawful discriminatory practice for any employer to

> retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter.

158.    By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of disability.

159.    As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

160.    As a further proximate result of Defendants actions, Plaintiff suffered, and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

161.    Defendants' conduct was perpetrated with a conscious disregard of Plaintiffs' rights.

### *FIFTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Employer Liability Under NYCHRL*

162.    The Plaintiff repeats, reiterates, and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

163.    The New York City Administrative Code Title 8 §8-107(13) provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

164.    Due to the above provision, the entity defendant is liable under the NYCHRL.

## DEMAND FOR A JURY TRIAL

165.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.    Declaring Defendants' violations of the FLSA, NYLL, the NYSHRL and NYCHRL were willful;

h.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.    Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits he would have expected to earn during his entire lifetime had it not been for Defendants' unlawful discrimination;

j.    Awarding damages to the Plaintiff to make her whole for any losses suffered as a result of such unlawful employment practices;

k.    Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering as well as injury to his reputation in an amount to be proven at trial;

l.    Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

m.    Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

n.    Awarding punitive damages;

o.    Pre-judgment and post-judgment interest, as provided by law;

p.    Awarding such other and further relief as available under the statues; and

q.    Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
         August 7, 2023

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

By: Amit Kumar, Esq. (AK 0822)
*Attorneys for the Named Plaintiff as Well as the*
*Putative Class*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com