UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASWINDER KAUR,

                              Plaintiff,                                23-CV-6948 (JPO)

              -v-                                                        OPINION AND ORDER

NATASHA ACCESSORIES LTD., *et al.*,

                              Defendants.

J. PAUL OETKEN, District Judge:

Plaintiff Jaswinder Kaur brings this action on behalf of herself and all others similarly situated against Defendants Natasha Accessories Ltd. and Gokaran "Ravie" Singh, alleging that the Defendants failed to compensate her for overtime and straight time worked in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 1, *et seq.* ("NYLL"). Kaur further alleges that she received incorrect wage statements and did not receive weekly payments as required for manual laborers by the NYLL. Kaur also brings claims for disability discrimination, failure to accommodate, retaliation, aiding and abetting, under the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"). Presently before the Court is Defendants' motion to dismiss Kaur's First Amended Complaint (ECF No. 22 ("FAC")) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motion is granted in part and denied in part.

1

## I.      Background

### A.      Factual Background

The following facts are taken from the FAC and are assumed to be true for purposes of resolving Defendants' motion to dismiss.  Defendant corporation Natasha Accessories is a jewelry wholesaler that imports and repackages jewelry for domestic sale.  (FAC ¶¶ 19, 20, 50.) Defendant Gokaran "Ravie" Singh[1] is the "president and/or owner, and/or day-to-day overseer" of Natasha Accessories.  (*Id.* ¶¶ 30, 33.)  Kaur worked for Defendants from May 20, 2023, until July 11, 2023, in Defendants' warehouse in Woodside, New York.  (*Id.* ¶¶ 54, 55.)  During her employment, Singh "had the authority to hire, fire, discipline, supervise, and direct [Kaur], and administer the terms, conditions and privileges of [her] employment."  (*Id.* ¶ 31.)  Kaur was responsible for unpacking and repackaging jewelry for sale, and she spent between 5 and 8.5 hours per day lifting large boxes and unpackaging and repackaging jewelry.  (*Id.* ¶¶ 56, 59.) Kaur alleges that she "spent more than twenty-five percent of [her] hours worked each week performing physical . . . and . . .  manual tasks" and that she "regularly performed manual tasks during the majority of their hours worked."  (*Id.* ¶¶ 58, 60.)  Kaur was paid every two weeks at a rate of $16.00 per hour.  (*Id.* ¶¶ 61, 72.)

Kaur alleges that throughout her employment she was required to work five days per week, Monday through Friday, from 9:00 a.m. to 5:30 p.m.  (*Id.* ¶¶ 66-67.)  She further alleges that she was required to work from 9:00 AM to 5:30 PM and did so.  (*Id.*)  During the week of June 11, 2023, Kaur alleges that she worked 8.5 hours continuously per day on Monday through

---

[1] While the FAC names "Gokoran" [sic] Singh and Ravie Singh as separate individuals (FAC ¶¶ 30, 33), the parties have since stipulated that Gokaran "Ravie" Singh is one individual and the case caption has been modified to reflect this, as well as the proper spelling of Mr. Singh's first name.  (ECF No. 26 ¶ 1.)

2

Friday for a total of 42.5 hours.  (*Id.* ¶¶ 67, 68.)  Kaur alleges, however, that "[t]hroughout her employment with the Defendants, Defendants clocked [her] out from approximately 1:00 PM until 1:30 PM ostensibly for a meal break which [she] never received."  (*Id.* ¶ 70.)  Thus, for every 8.5 hours she worked for Defendants, Defendants paid her for only 8 hours.  (*Id.* ¶ 69.)  Kaur alleges that her wage statements were correspondingly inaccurate, as they reflect half-hour lunch breaks that she never took.  (*Id.* ¶ 74.)

On July 11, 2023, Kaur fainted while at work.  (*Id.* ¶ 78.)  She alleges that she lay on the ground for two hours, while others continued to work around her.  (*Id.* ¶¶ 78, 79.)  Eventually, Defendants allowed a co-worker to call Kaur's husband, who arrived and called an ambulance.  (*Id.* ¶¶ 78, 80.)  Kaur was taken to the hospital by ambulance, still unconscious.  (*Id.* ¶ 81.)  The next day, she submitted a doctor's note to Defendants and requested that she be excused from work on July 13 and July 14, 2023.  (*Id.* ¶ 82.)  Defendants denied Kaur's request and terminated her on July 14, 2023.  (*Id.* ¶¶ 83, 84.)

### B.     Procedural History

On August 7, 2023, Kaur filed her initial complaint.  (ECF No. 1.)  After Defendants moved to dismiss her initial complaint on September 20, 2023 (ECF No. 15), Kaur filed her FAC on December 4, 2023.  Defendants in turn moved to dismiss the FAC on December 20, 2023.  (ECF No. 27.)  Kaur filed an opposition to Defendants' motion to dismiss the FAC on January 31, 2024.  (ECF No. 34.)  Defendants filed a reply in further support of their motion to dismiss the FAC on February 27, 2024.  (ECF No. 35.)

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* at 678, the Court must draw "all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). Determining whether a complaint states a plausible claim is ultimately a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.    Discussion

### A.    Overtime Claims under the FLSA and the NYLL and Straight Time Claim under the NYLL

Kaur's first and second claims for relief allege that Defendants failed to pay her overtime wages in violation of the FLSA and the NYLL. Kaur's third claim alleges that Defendants failed to pay her straight time wages in violation of the NYLL.

Both the FLSA and the NYLL require an employer to pay an overtime rate of at least one and one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2. To state an overtime claim, a plaintiff "must allege only that she worked compensable overtime in a workweek longer than forty hours, and that she was not properly compensated for that overtime." *Tackie v. Keff Enterprises LLC*, No. 14-CV-2074, 2014 WL

4626229, at *3 (S.D.N.Y. Sept. 16, 2014) (citing *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199-201 (2d Cir.2013)).

The FAC can fairly be read as alleging that throughout her employment, Kaur worked five days per week, Monday through Friday, from 9:00 a.m. to 5:30 p.m.  (*Id.* ¶¶ 66-67.)   The Court thus determines that Kaur has adequately alleged that she worked in excess of 40 hours per week throughout her employment.

Defendants, however, contend that Kaur clocked herself out for half hour lunch break every day and thus, that Kaur has failed to adequately allege that she worked in excess of 40 hours per week.  (ECF No. 28 at 7.)  In support of their contention, Defendants submit Kaur's time sheets.  At the motion to dismiss stage, the Court "must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'"  *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016) (quoting *Allen v. WestPoint-Pepperell, Inc*., 945 F.2d 40, 44 (2d Cir. 1991)).  The parties dispute whether the time sheets are incorporated in the complaint by reference.  Even assuming that the time sheets are incorporated in the complaint by reference, the time sheets do not contradict Kaur's account of the facts.  The time sheets reflect that Kaur was clocked out for a half hour lunch break every day, but they do not indicate whether Kaur herself or Defendants clocked her out.  At best, the time sheets "merely raise[] disputes of fact" about who clocked Kaur out, which "the Court may not resolve on a motion to dismiss." *State v. U.S. Dep't of Com*., 315 F. Supp. 3d 766, 783 (S.D.N.Y. 2018).

Accordingly, Defendants' motion to dismiss Kaur's first, second, and third claims for relief is denied.

### B.    Frequency of Pay Claim under the NYLL

Kaur's fourth claim for relief asserts that Defendants failed to pay her on weekly basis in violation of NYLL § 191(1)(a).  NYLL provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned." N.Y. Lab. Law § 191(1)(a).  NYLL defines "manual worker" as "a mechanic, workingman or laborer."  N.Y. Lab. Law §190(4).  "The Department of Labor interprets this provision to include 'employees who spend more than 25 percent of their working time performing physical labor.'" *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 67 (S.D.N.Y. 2023) (quoting N.Y. Dep't of Labor Opinion Letter, No. RO-09-0066 (May 21, 2009)).

Kaur alleges that she spent more than 25 percent of her working hours lifting large boxes and unpackaging and repackaging jewelry.[2]  (FAC ¶¶ 56, 59.)  "[U]npacking, stocking and organizing inventory," *Rankine*, 674 F. Supp. 3d at 67, and "lifting and stacking shipment boxes," *Gillett v. Zara USA, Inc.*, No. 20-CV-3734, 2022 WL 3285275, at *6 (S.D.N.Y. Aug. 10, 2022), qualify as manual labor.  Kaur adequately alleges that she was a manual laborer under NYLL § 190(4).  Kaur also alleges that she was paid on a biweekly basis.  (FAC ¶ 61.)  Thus, Kaur has adequately alleged that Defendants violated NYLL § 191(1)(a).[3]

---

[2] Defendants urge that because Plaintiff pleads these allegations "upon information and belief," and such knowledge should be "squarely within Plaintiff's own possession," the Court should not credit these allegations as factual.  (ECF No. 28 at 9.)  The Court disagrees.  A reasonable reading of the FAC reveals that allegations made "upon information and belief" clearly refer not to Plaintiff's own circumstances, but to the circumstances of the other laborers similarly situated.

[3] Defendants cite *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 719 (2d Dep't 2024), for the proposition that, even if Kaur is a manual worker, NYLL § 198(1-a) does not provide a private right of action stemming from frequency of payment violations.  (ECF No. 35 at 4.)  However, this case is inapposite.  Unlike the plaintiff in *Grant*, who sued for the late payment of his full wages, here Kaur alleges a corresponding underpayment of wages, which the *Grant* court held was a prerequisite to recovery for late payment.  *Id.* at 716.  Because the Court

6

Defendants' motion to dismiss Kaur's fourth claim for relief is denied.

### C.      Wage Statement Claim under the NYLL

Kaur's fifth claim alleges that Defendants failed to furnish her with accurate wage statements as required by NYLL § 195(3).  Defendants contend that Kaur lacks standing to bring this claim because she has not suffered an injury in fact.  (ECF No. 28 at 10.)  That argument is a "familiar one that has been consistently raised in wage and hour cases." *Lipstein v. 20X Hosp. LLC*, No. 22-CV-4812, 2023 WL 6124048, at *8 (S.D.N.Y. Sept. 19, 2023) (collecting cases).

The Court disagrees and concludes that Kaur has adequately pleaded an injury in fact to establish standing.  Kaur plausibly alleges that her "wage statements showed fewer hours than what [she] actually worked, which prevented [her] from determining and seeking payment for the precise amount of [her] unpaid wages" and she was thus "harmed by being deprived of [her] income for longer than [she] would have been had [she] been able to timely raise [her] underpayment earlier."  (FAC ¶ 6.)  This financial harm is a "tangible downstream consequence of the failure to receive required information." *Martinez v. Finger Mgmt. Corp.*, No. 23-CV-5901, 2024 WL 2114330, at *2 (S.D.N.Y. May 10, 2024) (quoting *Lipstein*, 2023 WL 6124048 at *9).  As other courts in this Circuit have concluded, such consequences are sufficient to confer standing upon Kaur to pursue her claims. *See, e.g.*, *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19-CV-10104, 2023 WL 2674743, at *6 (S.D.N.Y. Mar. 29, 2023); *Bueno v. Buzinover*, No. 22-CV-2216, 2023 WL 2387113, at *3 (S.D.N.Y. Mar 7, 2023).

Accordingly, Defendants' motion to dismiss Kaur's fifth claim for relief is denied.

---

does not rely on *Grant*, the Court finds it unnecessary to consider the parties' notices of supplemental authority on the matter, as well as Defendant's motion to strike Kaur's filings as improper sur-replies.  (ECF Nos. 37-41.)

D.      **Claims Under the NYSHRL and NYCHRL Claims**

As both Kaur and Defendants request that the Court dismiss Kaur's claims under the NYSHRL and NYCHRL, the only issue for the Court's consideration is whether to dismiss these claims with or without prejudice.  (ECF No. 34 at 15-20; ECF No. 35 at 7-9.)  Because there is little to no factual overlap between the bases of Kaur's wage claims under the FLSA and the NYLL and her discrimination claims under the NYSHRL and the NYCHRL, the Court declines to exercise supplemental jurisdiction over Kaur's NYSHRL and NYCHRL claims and dismisses those claims without prejudice.

District courts in this Circuit have held that an employment relationship alone is not sufficient to establish a common nucleus of operative fact.  *Kobeck v. Armonk Bristal LLC*, No. 16-CV-8770, 2018 WL 1406623, at *3 (S.D.N.Y. Mar. 19, 2018) (citing *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008)).  Here, aside from the employment relationship, there are few facts to connect Kaur's wage claims and her discrimination claims.  At issue in her FLSA and NYLL claims would likely be whether the Defendants in fact falsely clocked her out for lunch breaks she alleges she did not take.  By contrast, Kaur's NYSHRL and NYCHRL claims would likely hinge on whether she had or was perceived to have a disability, whether Defendants granted her requested time off, and whether she was terminated.

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims and dismisses those claims without prejudice.

IV.    **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Kaur's amended complaint is GRANTED in part and DENIED in part.  Defendants shall file an answer to the remaining claims in the First Amended Complaint within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motions at ECF Nos. 15 and 27.

SO ORDERED.

Dated: July 16, 2024
      New York, New York

                                                  J. PAUL OETKEN
                                               United States District Judge

9